KLIEBERT, Judge,
concurring.
I concur in the results reached by the majority, but not for the reasons stated by the majority writer.
The violation charged here is a class three violation which does not provide for forfeiture. Further, there is no request for forfeiture of the boat and/or the nets. Hence, our inquiry should be limited to a forfeiture of the illegal catch which was by stipulation valued at $1,400.00. The seizure, forfeiture and disposition of the illegal catch are administered by agents of the Wildlife and Fisheries Commission ac *1299 cording to procedures established by that Commission prior to the conviction of the defendants. (LSA-R.S. 56:407 B and LSA-R.S. 56:58 B). Thus, forfeiture and disposition do not form part of the criminal sanction which the court could impose for conviction of a class three violation and therefore is not a “fine” as LSA-R.S. 13:1446 A uses that term in defining the subject matter jurisdiction of the Parish Court.
In the event of a seizure other than the illegal catch, forfeiture of the “thing” seized can be imposed only where the penalty for the offense charged in connection with the seizure includes forfeiture (LSA-R.S. 56:58 and LSA-R.S. 56:59). Moreover, forfeiture can be imposed only upon conviction and can be disposed of only as provided for by LSA-R.S. 56:61.
Thus, a distinction has to be drawn between the seizure, forfeiture, and disposition of an illegal catch before conviction and the seizure, forfeiture and disposition of a boat or nets after conviction. The latter circumstance is not involved here, hence, we have no basis for passing on the issue here. Moreover, we might well reach an opposite result here were we confronted with a forfeiture and disposition of a boat and nets after the conviction. Therefore, in my view the majority’s opinion should be restricted to forfeiture and disposition of the catch prior to conviction.